IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Stephen Denson, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17 CV 50180 |
| | ) | |
| vs. | ) | |
| | ) | |
| Village of Johnsburg, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth below, the court grants defendants' motion to dismiss count IV of plaintiff's complaint [15].

## STATEMENT - OPINION

This matter arises out of plaintiffs Stephen Denson's and Susan Flood's 42 U.S.C. § 1983 complaint [1] alleging that they were subject to false arrest (counts I and III), and malicious prosecution (counts V and VI) by defendant Johnsburg police officers J. Ehlers and M. Vollmer. Plaintiff Denson further alleges he was subject to excessive force (count II) and a violation of equal protection - class-of-one (count IV) by the defendant officers. Plaintiffs also bring claims of respondeat superior and indemnification against the Village of Johnsburg (counts VII and VIII).

On August 28, 2017, defendants filed a FED. R. CIV. P. 12(b)(6) motion to dismiss count IV of plaintiffs' complaint, equal protection class-of-one, on the basis that this claim is merely a recitation of the elements of an equal protection class-of-one claim and, therefore, is improperly pleaded and fails to state a claim. *See* [15]. On October 2, 2017, plaintiff filed a response in opposition [22]. On October 17, 2017, defendants filed a reply [23]. This matter is now ripe for the court's review.

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing Fed.R.Civ.P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013).

## A. FACTUAL BACKGROUND

The following factual background is based on the allegations in plaintiff's complaint. *See* [1]. On November 29, 2015, at around 1:30 a.m., plaintiff Stephen Denson was at Half Time Bar in Johnsburg, when defendant Johnsburg police officers J. Ehlers and M. Vollmer pulled into the parking lot of the bar. In the defendant officers' presence, plaintiff Denson tossed his cell phone. The defendant officers then issued plaintiff Denson a citation for littering. Plaintiff Flood then arrived at the parking lot of the bar with plaintiff Denson's sister and plaintiff Denson's childhood friend Mario Casciaro.[1] Plaintiff Denson, upset over the littering citation, ripped up the citation and tossed it onto defendant Ehlers' vehicle. Defendant Vollmer then told plaintiff Denson to pick up the torn citation, which he did. Defendant Vollmer then placed plaintiff Denson under arrest because he did not like the way plaintiff Denson picked up the citation. Defendant officers Vollmer and Ehlers handcuffed plaintiff Denson. Plaintiff Denson then made some remark to the defendant officers and the defendant officers slammed plaintiff Denson into the side of defendant Ehlers' squad car, knocking the side mirror out of place. Plaintiff Denson was then taken to the Johnsburg police department. Plaintiff Flood, plaintiff Denson's sister and Casciaro followed the defendant officers to the police department. Once at the police department, plaintiff Flood put the squad car side mirror back into place.

Defendant Vollmer arrested plaintiff Flood and charged her with obstructing a police officer. Plaintiff Flood was acquitted after trial of this offense. Plaintiff Denson was charged with criminal damage to property and two counts of littering. All three charges against plaintiff Denson were nolle prossed by the state.

## B. ANALYSIS

Defendants have moved to dismiss count IV (equal protection class-of-one) on the grounds that this claim lacks factual allegations describing any discrimination suffered by plaintiff Denson in comparison to any other person. *See* [15].

A class-of-one equal protection claim recognizes that the Equal Protection Clause of the Fourteenth Amendment may give rise to a cause of action "on behalf of a 'class of one' where the plaintiff d[oes] *not* allege membership in a class or group" if the plaintiff can show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook, et al. v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (emphasis added). The Equal Protection Clause "protect(s) individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Moreover, equal protection class-of-one claims can be based on allegations of "irrational or malicious application of law enforcement powers." *Id*. "[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into

---

[1] According to plaintiffs' complaint, two years earlier, plaintiff Denson testified at Casciaro's murder trial. Upon examination, plaintiff Denson testified that he overheard the prosecution's star witness say that a prosecutor had coached him (the star witness) on what to say during the trial in exchange for immunity. Plaintiff Denson was also pressured by defendant Vollmer and other Johnsburg police officers to provide information to help convict Casciaro. Plaintiff states in his complaint he had no information to provide to the police.

a federal case." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004). "The appropriate limiting principle must be tailored to the type of government action at issue." *Geinosky*, 675 F.3d at 747.

The law regarding equal protection class-of-one is in flux. In *Del Marcelle v. Brown County Corp., et al.*, 680 F.3d 887 (7th Cir. 2012) (en banc) (per curium), the Seventh Circuit split concerning the standard to address class-of-one claims. The issue in *Del Marcelle* was the role of illegitimate motive or irrational purpose in class-of-one claims. The court split three ways. Under the plurality opinion, the plaintiff would be required to plead that the disparate treatment was motivated by ill will (a purpose unrelated to public duty) *Id*. at 889; the dissenting opinion held the position that personal animus is not an element of the claim but just one way to prove that the defendant's actions lacked a rational basis *Id*. at 915; and one member of the court concluded that the class-of-one doctrine should not apply to federal administrative litigation. *Id*. at 905. Also, the guidance for the standard of what satisfies a showing of others "similarly situated" has evolved. As noted by plaintiff, a class-of-one claim can be viable without a showing of similarly situated comparators. "Evidence of similarly situated individuals is not required as part of a formalistic mandate, but such evidence may help to establish disparate treatment." *Brunson v. Murray*, 843 F.3d 698, 706 (7th Cir. 2016). For instance, in *Geinosky*, the Seventh Circuit reversed the district court dismissal based on plaintiff's failure to identify comparators in his complaint. There, the court found that the pattern of the defendant police officers' conduct toward the plaintiff demonstrated a clear discriminatory purpose: "[W]here the alleged facts so clearly suggest harassment by public officials that has no conceivable legitimate purpose," the plaintiff was excused from identifying comparators. *Geinosky*, 675 F.3d at 748.

Here, the equal protection class-of-one count of plaintiff's complaint alleges defendant officers treated plaintiff "differently than other citizen [*sic*] of Johnsburg because of [plaintiff's] friendship with Mr. Casciaro" [1 at p. 5]. While plaintiff's complaint does not identify any other citizen of Johnsburg that was treated differently than plaintiff by the defendant officers, the court agrees with plaintiff that a lack of comparators is not necessarily fatal to his class-of-one claim.
In support of his position that pleading a class-of-one claim does not require proof that other were treated different than him, plaintiff cites to several Seventh Circuit cases where the court found that a class-of-one claim may be viable without identifying other comparators. However, in all cases cited by plaintiff, the court was presented with plaintiffs who were singled out to exact "retaliation," "vengeance," or "sheer vindictiveness." *Esmail v. Macrane*, 53 F.3d 176 (7th Cir. 1995) (liquor license applicant plaintiff stated a claim for a violation of equal protection where plaintiff sufficiently pled that the action taken by the state was retaliatory and vengeful, and a spiteful effort to "get" him for reasons unrelated to a legitimate state objection); *Olech v. Village of Willowbrook*, 160 F.3d. 386 (7th Cir. 1998) (case allowed to proceed on pleading where plaintiff alleged she was "picked on" out of "sheer vindictiveness" by government officials, in violation of equal protection clause); *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005) (court affirmed district court granting of defendant's motion for summary judgment but noted the typical class-of-one case is one in which a public official "with no conceivable basis for his action other than spite or some improper motive (improper because unrelated to his pubic duties), comes down hard on a hapless private citizen"); and *Geinosky v. City of Chicago*, 675 F3d 743, 748 (7th Cir. 2012) (recipient of 24 bogus parking tickets made a proper claim for equal protection class-of-one despite failing to identify similarly situated individuals because the allegations "clearly suggest[ed] harassment by public officials that ha[d] no conceivable legitimate purpose"). These cases make clear that while plaintiff may not be required to identify other comparators for an equal protection class-of-one claim, he must still show no rational or legitimate basis for the defendant officers' actions toward him.

"The rational-basis requirement sets the legal bar low and simply requires a rational relationship between the disparity of treatment and some legitimate governmental purpose. The burden is on the

3

challenger to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *D.B., ex rel. Kurtis B. v. Kopp, et al.*, 725 F.3d 681, 686 (7th Cir. 2013) (internal citations omitted). To survive a motion to dismiss on an equal protection class-of-one claim, a plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992). Additionally, improper motive or animus toward the plaintiff need not be a concern (and, therefore, the complications stemming from the *Del Marcelle* decision need not be confronted), if there is a rational basis for the challenged action. "[A] given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity." *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008). If the court "can come up with a rational basis for the challenged action, that will be the end of the matter - animus or no." *Fares Pawn, LLC v. Indiana Dept. of Financial Institutions, et al.*, 755 F.3d 839, 845 (7th Cir. 2014).

In evaluating plaintiff's equal protection class-of-one claim, the court accepts as true plaintiff's claim that he was intentionally singled out by the defendant officers because of his relationship and association with Mario Casciaro and his testimony in Casciaro's defense at Casciaro's murder trial in 2013. Nevertheless, any ill will or animus toward plaintiff by the defendant officers is immaterial because plaintiff has failed to overcome the presumption of rationality. On the face of plaintiff's complaint, the court finds a rational basis for the defendant officers' actions and, therefore, plaintiff has pleaded himself out of court as to his equal protection class-of-one claim. *See Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse") (citations omitted).

Plaintiff admits in his complaint he "tossed" his cell phone in the presence of the defendant officers at 1:30 in the morning in the parking lot of a bar in Johnsburg [1 at p. 2]. In response to plaintiff's actions, defendant officers issued plaintiff a citation for littering. *Id*. Plaintiff was "upset" over the issuance of the littering citation, ripped it up, and "tossed" it onto defendant Ehlers' vehicle. *Id*. Plaintiff was then placed under arrest and handcuffed. *Id*. After being handcuffed, plaintiff states he "made a remark" to the defendant officers who then "slammed" plaintiff against defendant Ehlers' squad vehicle, knocking the driver's side mirror of the vehicle out of place.[2] Plaintiff was ultimately charged with two counts of littering and one count of criminal damage to property. *Id.*

The facts alleged in plaintiffs' complaint suggest an objectively rational basis for the defendant officers' "treatment" [1 at p.5] of plaintiff. *See D.B. ex rel. Kurtis B*, 725 F3d at 686 (allegations set forth in plaintiff's complaint suggested an "objectively rational basis" for the defendant police officers to investigate plaintiff for a crime, even if officers were driven by an improper motive); *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946-47 (7th Cir. 2009) ("any rational basis will suffice"). The court agrees with the defendants that plaintiff Denson's violation of Illinois statutes (littering and criminal damage to property), as set forth in plaintiffs' complaint, would constitute a conceivable rational basis for the defendant officers to issue plaintiff citations and subsequently arrest him. "It is entirely rational...to permit state actors to make individualized decisions when the very nature of their job is to take a wide variety of considerations into account." *Del Marcelle*, 680 F.3d at 913 (Wood, J., dissenting). The court

---

[2] Later in the complaint, plaintiff notes that co-plaintiff Flood was able to place the side mirror back into its place. *Id*.

4

finds the actions of the defendant officers, as described by plaintiff in his complaint, to be rational. Therefore, plaintiff Denson's equal protection class-of-one claim fails to survive the rational-basis requirement and is dismissed.

      For the foregoing reasons, defendants' motion to dismiss count IV [15] is granted.

Date: 1/11/2018                          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)